**M. CHALOM & SON, INC.,**
Plaintiff-Appellant,

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY,** Defendant-Appellee.

**No. 148, Docket 26424.**

United States Court of Appeals
Second Circuit.

Argued Jan. 6, 1961.

Decided Jan. 23, 1961.

Ferris, Adams, & Creidy, New York City (Albert Adams, New York City, of counsel), for plaintiff-appellant.

Tell, Cheser, Werner & Breitbart, New York City (Benjamin L. Tell, Solomon M. Cheser, New York City, of counsel), for defendant-appellee.

Before MAGRUDER, WATERMAN, and FRIENDLY, Circuit Judges.

PER CURIAM.

Plaintiff, a New York corporation, brought this action in the Supreme Court of that state against defendant, a Minnesota corporation conducting an insurance business in New York. Defendant removed the action to the United States District Court for the Southern District of New York. We are required to apply New York law in determining the rights of the parties.

Defendant had issued a jeweler's block policy of insurance to plaintiff insuring it against all risk of loss while plaintiff's property was located both on and off its own premises. The former liability was limited to $110,000, the latter, originally limited to $50,000, was later increased so as to cover losses as large as $75,000. Plaintiff seeks to recover $75,000, alleging a loss in excess thereof that occurred when one of its employees, carrying some of plaintiff's goods, was robbed of that property while on a business trip to the West Coast. Defendant sought to avoid liability on the ground that the policy had been induced by plaintiff's misrepresentation of the size of its inventory.

Prior to the issuance of the policy, in response to specific questions contained in a printed document denominated a Proposal, plaintiff stated to defendant that on each of two specific dates within a year of the policy application plaintiff's inventory had been taken and had been valued each time at approximately $96,000. It was also stated that its value at any time during those twelve months had not exceeded $130,000. Defendant moved for summary judgment on an affidavit of one of its employees setting forth that plaintiff's president had admitted under oath that the inventory on each of the two specified dates exceeded $150,000. Summary judgment was denied on the ground that an issue of fact existed whether defendant would not have issued the policy at the same rate, even though this would have involved a violation of the New York Insurance Law, §§ 184, subd. 1, 185, subd. 1. Thereafter plaintiff entered into a stipulation that if the Proposal had contained accurate inventory figures a policy issued on those figures would have been issued "at a premium higher than set forth in the policy in suit." Thereupon the motion for summary judgment was renewed and was granted. Plaintiff appeals.

We find no error in the disposition below. New York Insurance Law, § 149, subd. 2 provides that in order for the insurer to avoid an insurance contract a misrepresentation by an insured must be material; and for a misrepresentation to be material it must be of such

gravity that if the insurer had known the truth it would have led to "a refusal by the insurer to make such contract." Plaintiff concedes that defendant would not have issued the contract in suit if defendant had known the truth with respect to plaintiff's inventory, for plaintiff stipulated that the policy would then have been written at a higher premium than the premium plaintiff paid. See Armour v. Transatlantic Fire Ins. Co., 1882, 90 N.Y. 450. Moreover, defendant would have violated the rating laws of New York, New York Insurance Law, §§ 184, subd. 1, 185, subd. 1, were it to have covered the higher inventory by issuing a policy for the same premium as was paid by plaintiff.

Affirmed.